**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JUDE SAFO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 4:26-cv-00456-ACL |
| | ) |
| OFFICER UNKNOWN GOODMAN, et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Jude Safo initiated this civil action by filing an unsigned Complaint and an unsigned Application to Proceed in District Court Without Prepaying Fees or Costs.   ECF Nos. 1-2.   The Local Rules of this Court require that all filings be signed by the self-represented party or the party's attorney.   *See* E.D. Mo. Local Rule 2.01(A)(1). Similarly, under Federal Rule of Civil Procedure 11(a), every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court must strike an unsigned paper "unless the omission is promptly corrected after being called to the . . . party's attention."   As such, the Court will order the Clerk to return the unsigned Complaint to Plaintiff so that Plaintiff may sign it and return it to the Court for filing.   The Court warns Plaintiff that failure to comply with this Order will result in dismissal of this case.

However, the Court finds that it would be futile to return Plaintiff's unsigned Application to Proceed Without Prepaying Fees or Costs.   Even if this motion was signed, the Court would still deny it for lack of financial information indicating that Plaintiff qualifies. The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give

security therefor."    28 U.S.C. § 1915(a)(1).    Proceeding without prepayment of fees and costs, or *in forma pauperis*, is a matter of privilege, not of right.    *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).    To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life.    *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, Plaintiff states that he is self-employed with "variable" monthly income, $9,000 in a checking or savings account, and no debt or financial obligations besides monthly living expenses of $1,200.    ECF No. 2 at 1-2.    Based on this financial information, it appears that Plaintiff can pay for the litigation costs for this matter and still be able to provide for the necessities of life.    *See Adkins*, 335 U.S. at 339.    As such, the Court will deny Plaintiff's Application to Proceed without Prepayment.    In order for this case to proceed, Plaintiff must pay the full $405 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the $405 filing fee within **30 days** of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return to Plaintiff the unsigned Complaint [ECF No. 1] for signature.

**IT IS FURTHER ORDERED** that Plaintiff must sign the Complaint and return it to

–2–

the Court for filing within **30 days** of the date of this Order.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the

Court will dismiss this action without prejudice and without further notice.


Dated:   July 8, 2026.                                     s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE